IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 97-20296
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERICK DEWAYNE WILLIAMS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-207-ALL
- - - - - - - - - -
February 25, 1998
Before JONES, SMITH and STEWART, Circuit Judges

PER CURIAM:[*]

Derick Dewayne Williams appeals his sentence for his guilty-plea conviction of possession with intent to distribute crack cocaine. He argues that the district court erred 1) in finding that his conduct during the presentence interview with the probation officer did not warrant an enhancement for obstruction of justice but that the conduct warranted a denial of a credit to his offense level for acceptance of responsibility, and 2) in denying his attorney's request to withdraw as counsel and testify as a witness before the sentencing court about the presentence interview.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that Williams had falsely indicated to the probation officer that Williams had not previously used an alias but that the false statement was not material to the Government's investigation.  The district court did not err in finding that Williams' conduct did not warrant an obstruction-of-justice enhancement but that his conduct demonstrated that he had not accepted responsibility.  United States v. Rodriguez, 942 F.2d 899, 902 (5th Cir. 1991); see also U.S.S.G. § 3E1.1 comment.(n.1(a)).

There were sufficient facts before the sentencing court regarding the issue of Williams' conduct during the presentence interview such that the court did not abuse its discretion when it denied Williams' attorney's request to testify as a witness.  See United States v. Narvaez, 38 F.3d 162, 165 (5th Cir. 1994).

AFFIRMED.